**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

Bruce Shaw and Arlene Shaw,
            Plaintiffs                              Docket No. 2009-cv-02461-JD

    v.

Washington Mutual Bank, FA and Excel Financial,
                        Defendants

**PLAINTIFFS' PETITION FOR CONTEMPT**

      Plaintiffs, through their attorneys Sharon A.L. Brass, Esq. and E. Nego Pile, Esq. hereby file the following Petition for Contempt and assign the following reasons therefore:

      1.  Plaintiffs, in a telephone conference with the Honorable Judge Jan E. DuBois on August 24, 2009, and through a Motion to Stay filed on June 19, 2009, voiced their concern that negative credit reporting by Defendants WAMU and JP Morgan Chase on the rescinded Home Equity Loan would affect Plaintiffs livelihood while this litigation and settlement negotiations were pending.

      2. In the telephone conference on August 24, 2009, Judge DuBois advised Plaintiffs that the Motion for Stay was not necessary and that all such actions on credit reporting by Defendants would be stayed pending settlement negotiations.

      3. During the August 24, 2009 telephone conference, Sheila R. Wiggins, Esq., counsel for Defendant JP Morgan Chase agreed to direct her clients to restrain from negative credit reporting on the Plaintiffs' Home Equity Loan.

      4. Plaintiffs memorialized this agreement through e-mail to the Defendants' counsel dated August 20, 2009. A copy of the e-mail is attached hereto as Exhibit "A".

5. On November 30, 2009 - without warning- a representative of Plaintiffs' primary bank appeared at the business address and requested an explanation of the Plaintiffs' credit report, followed by extensive, unprecedented questions concerning Plaintiffs' business activities.

6. At that evening meeting, Plaintiffs discovered for the first time that Defendants had reported Plaintiffs to the credit agencies for non-payment on the now rescinded Home Equity Loan.

7. Harleysville Bank has been the Plaintiffs' businesses' primary source of funding for more than 30 years and the negative credit report will most certainly have a chilling effect on the long standing relationship between Plaintiffs and the bank. In addition, Harleysville Bank has a five year look back on the business loans and the negative report may cause Plaintiffs to lose all financing.

8. The negative report from Defendants is reflected on Plaintiffs' credit report at <u>all three major credit agencies</u>. It has lowered Plaintiff Bruce Shaw's credit score dramatically from 800 to 656. Additionally, Plaintiffs' credit score information is now branded with **"39-serious delinquency"**. A copy of the relevant portion of the credit report is attached hereto as Exhibit "B".

9. Plaintiffs have suffered, and will continue to suffer, irreparable harm from this violation of the Court's Order and the agreement of counsel. The effect of the Defendants' violation will be far reaching and virtually irreversible to Plaintiffs' business activities and reputation.

10. Plaintiffs require immediate relief from the actions of Defendants WAMU and JP Morgan Chase.

WHEREFORE Plaintiffs respectfully request that the attached Order be entered restraining Defendants from continued negative credit reporting, directing that Defendants immediately take all steps necessary to repair the damage to Plaintiffs' credit, and awarding Plaintiffs initial damages, attorney's fees and costs in the amount of $50,000 00.

Dated: December 1, 2009

LAW OFFICES OF BRUCE SHAW, LLC

By: _____
Sharon A.L. Brass, Esq.